# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:23-CV-643-RJC-DCK

| | | |
|---|---|---|
| ROGER PERKINS, | ) | |
| | ) | |
| **Plaintiff,** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| GASTON COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Plaintiff Roger Perkins ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1-1) in Gaston County Superior Court on September 8, 2023. Defendant Gaston County Board of Education ("Defendant") removed the case to this Court on October 9, 2023, by filing a "Notice of Removal to Federal Court" (Document No. 1). Plaintiff filed an "Amended Complaint" (Document No. 7) on November 14, 2023.

The Amended Complaint alleges that Defendant engaged in employment discrimination against Plaintiff, a disabled veteran, in violation of the Americans with Disabilities Act ("ADA"). (Document No. 7, p. 1). In his Amended Complaint, Plaintiff is asking the Court to award him $999,999.00 in damages. <u>Id.</u> at 2. Attached to Plaintiff's Amended Complaint is the

"Determination and Notice of Rights," (Document No. 7-1) issued on June 12, 2023. Plaintiff filed a "Charge Of Discrimination" with the EEOC on May 24, 2023. (Document No. 12-2, pp. 11–12).

Plaintiff is a disabled veteran with a combined service-connected disability rating of 100% from the Department of Veterans Affairs ("VA"). (Document No. 12-2, p. 8). On or around November 1, 2022, Plaintiff was hired by Gaston County Schools as a teacher. Id. at 11. Plaintiff states that, at the time he was hired, Defendant was made aware of his disability, which "substantially limits one or more of [his] daily activities," and of his need to attend medical appointments due to this disability. Id. In his Amended Complaint, Plaintiff alleges that, on January 27, 2023, the Principal of the school where he worked, Jonathan Short, "forced [Plaintiff] to resign" on the grounds that Plaintiff had missed too much work because of medical appointments relating to his disability. (Document No. 7, p. 1).

Plaintiff stated in his "Charge Of Discrimination" that on January 27, 2023, he met with the Principal, the Assistant Principal, and a Resource Officer. (Document No. 12-1, p. 11). "At the strong advisement of the Principal," Plaintiff then "signed a resignation letter that was drafted by the Asst. Principal, because [Plaintiff] was missing work to attend doctor appointments." Id.

After Plaintiff "submitted [his] forced resignation," Plaintiff was contacted by the Compliance Coordinator for Gaston County Schools, Dana Lutz, who "informed [him] that the Principal's actions violated the Americans with Disabilities [A]ct, and that she would speak with the Principal to inform him of such." (Document No. 7, p. 1). According to the attachments to "Plaintiff's Opposition To Defendant's Motion To Dismiss" (Document No. 12), Plaintiff provided medical documentation of his disability to Lutz to begin the "ADA Interactive Process" on or around February 10, 2023. See (Document No. 12-2, p. 1). As part of the process, Plaintiff

2

provided medical documentation as proof of his disability from the Veteran's Administration ("VA"). Id.

According to Plaintiff's Charge of Discrimination submitted to the Equal Employment Opportunity Commission ("EEOC") on May 24, 2023, Gaston County Schools discriminated against him. Id. (Document No. 12-2, p. 11). Plaintiff noted the following in his Charge:

> In or about January 27, 2023, I met with the Principal, Asst. Principal, and a Resource Officer. At the strong advisement of the Principal, I signed a resignation letter that was drafted by the Asst. Principal, because I was missing work to attend doctor appointments. After Human Resources was made aware, my resignation letter was not accepted. Eventually, they offered me my position back and began to engage in the interactive process to provide reasonable accommodations. Because of the potential for continued harassment that I experienced from the Principal and Asst. Principal, I declined this position and requested an alternative location. The transfer was denied because I did not qualify under school policy. Consequently, my resignation letter was effective in or around April 17, 2023. I believe that I was subjected to disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended.

Id. at pp. 11-12. Additionally, Plaintiff states that he has performed his role to a satisfactory level and had not received any disciplinary actions prior to the events discussed above. Id. at 11.

The EEOC issued a "Determination And Notice Of Rights" ("Right-to-Sue Letter") on June 12, 2023, stating that it would not proceed further with its investigation of Plaintiff's Charge and notifying him of his right to sue in state or federal court. (Document No. 7-1, p. 1). Thereafter, Plaintiff initiated the present action in Gaston County Superior Court on September 8, 2023. (Document No. 1-1).

"Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 8) was filed on November 21, 2023, along with "Defendant's Memorandum Of Law In Support Of Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 9). By the

pending motion, Defendant seeks dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. (12)(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 8, p. 1). In response, Plaintiff filed an ". . . Opposition To Defendant's Motion To Dismiss" (Document No. 12) on December 11, 2023, along with a ". . . Memorandum Of Law In Support Of Plaintiffs Motion To Dismiss Defendants Motion To Dismiss" (Document No. 12-1). "Defendant's Reply Brief In Support Of Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 16) was filed on December 21, 2023. Plaintiff filed a surreply entitled "Response To Defendant's Proposed Findings Of Facts" (Document No. 19) on January 5, 2024.

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Where a complaint is filed by a *pro se* Plaintiff, courts have determined that the complaint should be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Indeed, "the Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity." Morrison v. Res. Mgmt. Concepts, Inc., 3:16-CV-651-GCM, 2017 WL 1095067, at *2 (W.D.N.C. Mar. 21, 2017) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). However, this does not mean that district courts should "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151. When a complaint clearly fails to express sufficient facts to support the alleged claim under federal law, courts are not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). "Like plaintiffs who are represented by counsel, a

*pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" Morrison, 2017 WL 1095067 at \*2 (quoting Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III.  DISCUSSION

Defendant makes two initial arguments in support of its motion to dismiss:  (1) "Plaintiff failed to exhaust his administrative remedies regarding his disability claim";  and (2) "Plaintiff's Amended Complaint does not meet the minimum pleading standard."  (Document No. 8, p. 1).

First, Defendant states that "[a]n individual cannot bring a suit [for employment discrimination under the ADA] until he has exhausted the administrative process," which involves the timely filing of an administrative charge with the EEOC.  (Document No. 9, p. 3).  Defendant argues that Plaintiff failed to allege whether an administrative charge had been filed with the EEOC, to attach a copy of such a charge to the Amended Complaint, and to allege whether Defendant had notice of the charge.  Id. at 3–4.

Second, Defendant argues that "[w]hile a pro se Complaint should be construed liberally, Perkins' Amended Complaint does not meet the minimum pleading standard necessary to survive a Motion to Dismiss."  Id. at p. 4.  Defendant contends that Plaintiff's Amended Complaint does not allege sufficient facts for this Court to determine whether his claim for disability discrimination "is plausible," other than general allegations against Principal Short.  Id.  Defendant further argues that Plaintiff does not allege any facts directly against the Gaston County Board of Education, "and only employers can be held liable under the ADA."  Id.  (citing Jones v. Sternheimer, 387 Fed. Appx. 366, 368 (4th Cir. 2010)).  Further, Defendant states that Plaintiff has also failed to allege whether "he was a qualified individual within ADA's protected class, if he was performing a job at a level that met his employer's legitimate expectations, or if he could perform the essential

functions of his position with reasonable accommodation." Id. Thus, Defendant concludes that the Amended Complaint does not contain sufficient plausible allegations of fact to form a basis for finding in favor of Plaintiff. Id. at p. 6.

In opposition, Plaintiff argues that, contrary to assertions made by Defendant, "all [administrative] measures have been exhausted," since the Right-to-Sue letter would not have been available without the exhaustion of all administrative remedies. (Document No. 12-1, p. 1). Additionally, Plaintiff attached the filed "Charge of Discrimination" to his response. See (Document No. 12-2). Plaintiff also included text messages between himself and the Assistant Principal, to "illustrate the school[] administration's opposition and hostility to the Plaintiff's need to seek medical services and designated care [from the VA]." (Document No. 12-1, pp. 1-2). Further, Plaintiff attached a letter from the VA as proof that he is disabled, and email correspondence from Principal Short as evidence of his satisfactory job performance. (Document No. 12-2, pp. 3-5, 8-9).

In reply, Defendant argues: (1) Plaintiff has not exhausted his administrative remedies because the EEOC process was invalid; and (2) Plaintiff's claim for discrimination is not plausible. See (Document No. 16).

First, Defendant argues that "Plaintiff's EEOC Charge and Right-to-Sue Notice establish an invalid administrative process in which Plaintiff failed to exhaust administrative remedies." (Document No. 16, p. 1). Specifically, Defendant argues that the EEOC violated 42 U.S.C. § 2000e-5(f)(1) by issuing the Right-to-Sue letter "approximately nineteen days (twelve business days)" after Plaintiff filed his charge—long before the 180-day mandated investigation period that Defendant argues is required by the statute. Id. at pp. 1-2.

Defendant contends that "[a] variety of courts have invalidated actions based upon the right-to-sue letters that were issued before the expiration of the 180-day period, such as in this case." Id. (internal citations omitted). The EEOC's power to issue Right-to-Sue letters is found in 29 C.F.R. § 1601.28(a)(2), which states that:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in § 1601.28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission . . .

29 C.F.R. § 1601.28 (a)(2).

Second, Defendant argues in reply that the documents Plaintiff attached to his response demonstrate that he failed to state a claim in his Amended Complaint. See (Document No. 16). Specifically, Defendant points to the email Plaintiff received from the Board's ADA Compliance Coordinator, regarding the ADA Interactive Process. (Document No. 12-2, p. 1–2). Defendant contends that "[t]his evidence establishes the Board's ADA Compliance Coordinator [was] working with [Plaintiff] to determine reasonable accommodations under the Americans with Disabilities Act." (Document No. 16, p. 3). Additionally, Defendant argues that Plaintiff's claim for disability discrimination is "not plausible" because of the statements made in his EEOC Charge, which indicate Plaintiff declined a position offered to him after the incident with Principal Short. Id.

In his surreply, Plaintiff argues that the Right-to-Sue letter does not show an invalid administrative process, but rather, it establishes that Plaintiff did exhaust administrative remedies. (Document No. 19, p. 1). Regarding Defendant's argument about the email correspondence between Plaintiff and Lutz, the ADA Coordinator, Plaintiff urges the Court to "logically consider

the pretext for initially being contacted by the Human Resources Department and [Lutz]." Id. at p. 2. Specifically, Plaintiff asserts that: (1) Short was aware of Plaintiff's disability at the time Plaintiff was hired; (2) Short's request for Plaintiff's resignation was "clearly" in violation of the ADA; and (3) Lutz and Suber reached out to find out why Plaintiff had resigned and delayed acceptance of Plaintiff's resignation because Principal Short's actions violated the ADA. Id. Additionally, Plaintiff asserts that the text messages documenting a conversation between Plaintiff and the Assistant Principal illustrate "an attitude of animosity and hostility" towards him as a result of his disability status. Id. at 3. Therefore, Plaintiff contends that he refused to return to his previous position because of the "hostile work environment which was fostered by those in leadership positions." Id.

In this instance, the undersigned is satisfied that *pro se* Plaintiff has adequately demonstrated that he exhausted his administrative remedies by attaching the Right-to-Sue letter to the Amended Complaint. See (Document No. 7-1). Notably, Plaintiff also responded to Defendant's arguments by attaching the Charge of Discrimination to his response. See (Document No. 12-2). Regarding the timing of the EEOC's issuance of Plaintiff's Right-to-Sue letter, it appears that courts have been divided on the validity of 29 C.F.R. § 1601.28(a)(2) since its creation in 1977, and the power it confers upon the EEOC to issue "early" Right-to-Sue letters—keeping in mind that the EEOC is mandated to investigate all claims of employment discrimination and eliminate unlawful employment practices where appropriate. Stafford v. Sealright, Inc., 100 F.Supp.2d 137, 138-39 (N.D.N.Y. 2000); see also Marston v. AT&T Corp., 210 F.R.D. 573, 574-75 (E.D. Va. 2002). The Fourth Circuit has not ruled on the matter. See Marston, 210 F.R.D. at 574. Without clarity from the Fourth Circuit, and in light of the division among the courts, the undersigned will decline to recommend dismissal of the claim based on the issuance of an allegedly

early Right-to-Sue letter. See Cortes v. McDonald's Corp., 955 F. Supp. 531, 533 (E.D.N.C. 1996) ("Without precedence or guidance from the Fourth Circuit, this court finds that the issuance of a so-called 'early' right-to-sue letter, i.e., one that is issued prior to the expiration of 180 days, does not render an ADA claim invalid").

Regarding Defendant's second argument concerning the sufficiency of Plaintiff's pleading, the undersigned notes that, in his Amended Complaint, Plaintiff alleges that the "Principal" of the school "forced [him] to resign . . . due to [Plaintiff] missing time from work due to medical appointments related to [Plaintiff] being a disabled veteran." (Document No. 7, p. 1). Plaintiff further alleges that "after submitting [his] forced resignation," he "was contacted by the Compliance Coordinator, Dana Lutz, who informed [Plaintiff] that the Principal's actions violated the Americans with Disabilities Act." Id. The Court finds that Plaintiff has stated a plausible claim.

Applying the standard of review set forth above, and construing Plaintiff's *pro se* Amended Complaint liberally and in the most favorable light, the undersigned will recommend that Defendant's motion be denied. There appears to be some dispute as to the relevant facts and events which comprise Plaintiff's claim. Ultimately, it seems Plaintiff's allegations at this stage are sufficient to survive the minimum pleading standards set by Rule 8, and discovery by the parties is appropriate.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 8) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: July 9, 2024

David C. Keesler
United States Magistrate Judge

11