UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00643-RJC-DCK

| | |
|---|---|
| ROGER PERKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GASTON COUNTY BOARD OF )<br>EDUCATION, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Defendant Gaston County Board of Education's Motion to Dismiss, (Doc. No. 8); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 20), recommending that this Court deny Defendant's motion; Defendant's Objection to the M&R, (Doc. No. 21); and other documents of record. For the reasons explained below, the Court **DECLINES TO ADOPT** the M&R and will **GRANT** Defendant's Motion to Dismiss.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R, reviewing only those facts most pertinent to the issues at hand.

Plaintiff Roger Perkins, proceeding pro se, brought this action against Defendant Gaston County Board of Education in Gaston County Superior Court on September 8, 2023. (Doc. No. 1-1). Defendant removed the case to this Court on October 9, 2023. (Doc. No. 1). Plaintiff filed an Amended Complaint on November 14,

1

2023, alleging that Defendant engaged in employment discrimination in violation of the Americans with Disabilities Act ("ADA"). (Doc. No. 7). Plaintiff seeks $999,999.00 in damages. (*Id.* at 2). Plaintiff attached to his Amended Complaint a Determination and Notice of Rights letter issued on June 12, 2023. (Doc. No. 7-1).

On November 21, 2023, Defendant Gaston County Board of Education moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's alleged failure to exhaust administrative remedies and deficient pleading. (Doc. No. 8). The Magistrate Judge addressed each of Defendant's arguments in turn and recommended that Defendant's Motion to Dismiss be denied. (Doc. No. 20 at 10). On July 23, 2024, Defendant objected to the M&R on grounds that it relies on allegations and evidence outside of Plaintiff's Amended Complaint and improperly concludes that Plaintiff exhausted administrative remedies. (Doc. No. 21).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct

the court to a specific error in the magistrate's proposed findings and recommendations." *Id.*

"A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court must "view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and refrain from weighing the facts or assessing the evidence. *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Nonetheless, a court

is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and though the Court views the facts in the light most favorable to the plaintiff, a complaint tendering "naked assertions devoid of further factual enhancement" cannot proceed. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Defendant first objects to the M&R on grounds that it improperly relies on allegations and evidence outside of Plaintiff's Amended Complaint. (Doc. No. 21 at 1–3). Defendant argues that the M&R cites to a Department of Veterans Affairs letter, multiple emails, and text messages that Plaintiff attached for the first time as exhibits to his Response to Defendant's Motion to Dismiss. (Doc. No. 21 at 1–2). Defendant then claims that the M&R attributes those factual allegations to Plaintiff's Amended Complaint "when the test is whether the Amended Complaint itself is legally sufficient." (*Id.* at 2 (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Specifically, Defendant contends that when Plaintiff's briefing is not being considered, the M&R relies on only the following allegations to find that Plaintiff has stated a plausible claim:

1. The principal of the school forced Plaintiff to resign due to Plaintiff missing work because of medical appointments related to Plaintiff being a disabled veteran.

2. Plaintiff submitted a forced resignation. (This restates the first allegation).

3. A Board employee told Plaintiff the principal's actions violated the Americans with Disabilities Act.

(Doc. No. 21 at 2 (citing (Doc. No. 20 at 10))).

4

The ADA prohibits a covered employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "To state a claim for disability discrimination under the ADA, a plaintiff must allege that (1) [he] had a disability as defined in the ADA; (2) [he] was a 'qualified individual'; and (3) [his] employer took an adverse action on the basis of [his] disability." *Vang v. Weaver*, No. 1:22-cv-00119-MR-WCM, 2023 U.S. Dist. LEXIS 67941, at *7–8 (W.D.N.C. Apr. 16, 2023) (citing *Gentry v. East West Partners Club Mgmt. Co.*, 816 F.3d 228, 236 (4th Cir. 2016); *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 (4th Cir. 1997)).

A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "disability" may be established by a showing of: (1) "a physical or mental impairment that substantially limits one or more major life activities"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include, but are not limited to, such activities as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

"A plausible complaint contains facts that, as alleged, allow a court to draw the reasonable inference that the defendant is liable." *Doriety v. Sletten*, 109 F.4th 670 (4th Cir. 2024) (citing *Ashcroft*, 556 U.S. at 678). The Court is mindful of the latitude

5

extended to the pleadings of pro se litigants. *See Carriker v. Carriker*, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally")). But courts are not required to act as an advocate for a pro se plaintiff. *Id.* (citing *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978)). And here, the Court declines to consider allegations made outside of Plaintiff's Amended Complaint. *See McNulty v. Commc'ns Workers of Am.*, No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." (citing *Beck v. City of Durham*, 129 F. Supp. 844, 855 (M.D.N.C. 2000))).

In response to Defendant's Motion to Dismiss, Plaintiff submits for the first time a letter from the Department of Veterans Affairs indicating his disability status and rating. (Doc. No. 12-2 at 8–9). He also submits a school-wide email, which he claims corroborates that he was performing his job at a level that met his employer's legitimate expectations, and text messages between Plaintiff and the school's assistant principal, which he claims demonstrate the school administration's opposition and hostility to Plaintiff's need to seek medical services and designated care, among other exhibits. (*Id.* at 3–5, 10). But those allegations do not appear anywhere in Plaintiff's Amended Complaint, and therefore, they are not appropriate for consideration on a motion to dismiss. *See Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 873, 879 (S.D.W. Va. 2014) ("The plaintiffs did

not move to amend their complaint to include these new allegations or exhibits, and the court will not consider them for the purposes of resolving the pending motion to dismiss."); *Materson v. Stokes*, 166 F.R.D. 368, 372 (E.D. Va. 1996) (stating the pro se plaintiff could not defeat a motion to dismiss the complaint for failure to state a claim by raising new allegations in his response to the motion to dismiss, and concluding that the plaintiff would have to request leave of the court to amend his complaint under Federal Rule of Civil Procedure 15(a)); *but see Arije v. Pointcross Life Scis.*, No. CV JKB-18-3119, 2019 U.S. Dist. LEXIS 25413, 2019 WL 652426, at *3 (D. Md. Feb. 15, 2019) ("However, as part of the duty to construe pro se pleadings liberally, courts may consider allegations in a response to a motion to dismiss, even if they were not included in the original complaint.") (internal quotation marks omitted).

Even liberally construing Plaintiff's Amended Complaint, the Court finds that Plaintiff fails to state plausible facts establishing the essential elements of a disability discrimination claim under the ADA. Plaintiff alleges:

> On the date of 01/27/2023, I was forced to resign by my principal, due to me missing time from work, due to medical appointments related to me being a disabled veteran[.] My principal (Johnathan Short) informed me, upon the, date listed above, that I had to resign due to he not being able to accommodate my disability. After submitting my forced resignation, I was contacted by the Compliance Coordination (Dana Lutz) who informed that the Principal's actions violated the Americans with Disabilities Act, and that she would speak with the Principal to inform him of such. I was also contacted by Beth Suver of the ADA, who also informed me that the Principals actions were in violation[.]

(Doc. No. 7 at 1). Plaintiff fails to allege sufficient facts regarding the nature of his disability, including for example, whether his disability substantially limits any major life activities. Plaintiff further fails to allege any facts from which the Court

could infer that he was qualified to perform the essential functions of his job, with or without reasonable accommodations. The Court, therefore, concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

Accordingly, the Court will dismiss Plaintiff's Amended Complaint without prejudice and allow Plaintiff an opportunity to amend his Amended Complaint to correct the deficiencies identified by this Order. If Plaintiff seeks to continue the instant action in this Court, his amended complaint must set forth all relevant, specific factual allegations that "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. The amended complaint must contain all of Plaintiff's claims and allegations; piecemeal amendment will not be permitted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court **DECLINES TO ADOPT** the M&R, (Doc. No. 20), as explained herein;

2. Defendant's Motion to Dismiss, (Doc. No. 8), is **GRANTED WITHOUT PREJUDICE. Plaintiff may file an amended complaint no later than 30 days from the date of this Order**.

Signed: September 24, 2024

Robert J. Conrad, Jr.
United States District Judge