| | | |
|---|---|---|
| ROGER PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GASTON COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 28); the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that this Court deny Defendant's motion (Doc. No. 37); Defendant's objections to the M&R (Doc. No. 38); and the parties' briefs and exhibits. For the reasons discussed below, the Court will overrule Defendant's objections, adopt the M&R, and deny Defendant's motion.

## I.     BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II.     STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. *Id.*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that

2

is plausible on its face." *Id.* (internal quotation marks omitted). Thus, a motion to dismiss under Rule 12(b)(6) tests only whether the complaint states a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III. DISCUSSION

Defendant objects to the M&R on two grounds: (1) that the M&R fails to consider all the factual allegations within Plaintiff's Second Amended Complaint (Doc. No. 38 at 1–4); and (2) that the M&R erred in determining that Plaintiff exhausted his administrative remedies when the EEOC issued its right-to-sue letter in fewer than 180 days. *Id.* at 4–6. Having conducted a full review of Plaintiff's Second Amended Complaint and attached exhibits, Defendant's motion, the M&R, Defendant's objections, and other documents of record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

### A. Plausibility

First, the Defendant objects that the Plaintiff fails to state a plausible claim when considering the entirety of Plaintiff's attachments to the complaint. Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.* Upon reviewing *pro se* Plaintiff's complaint and the attached exhibits, the Court concludes that Plaintiff has plausibly stated a claim. Plaintiff amended his allegations and attached the necessary factual support. To the extent there are factual disputes as to the meaning of certain exhibits, resolution of such is not appropriate at the motion-to-dismiss stage. For these reasons and those explained in the M&R, the Court overrules Defendant's plausibility objection.

### B. Exhaustion of Administrative Remedies

Second, the Defendant objects that the Plaintiff failed to exhaust his administrative remedies. However, this argument overlooks the fact that the applicable statute is stated in the disjunctive. The statute states in pertinent part:

> If a charge filed with the Commission . . . is dismissed by the Commission, **or** if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(f)(1) (emphasis supplied). This statute clearly "gives the EEOC 180 days to either dismiss the charge, file a civil action, or secure a conciliation agreement." *Wood v. Bristol Va. Util. Auth.*, 661 F. Supp. 3d 538, 547 (W.D. Va. 2023). Nothing in the statute's plain language prohibits the EEOC from

4

dismissing a plaintiff's charge and issuing a right-to-sue notice prior to the expiration of the 180-day period. Defendant primarily cites out-of-circuit cases addressing premature right-to-sue letters based on the EEOC's determination that it could not investigate or reconcile the plaintiff's charges within the 180-day period. (Doc. No. 38 at 5) (citing cases). That is not the case here, where the EEOC dismissed Plaintiff's charges and issued a right-to-sue letter on that basis. And to the extent that Defendant's cited cases refer to the 180-day period as a jurisdictional requirement, that argument also fails. *See Wood*, 661 F. Supp. 3d at 547 n.3 ("Early termination of the EEOC's investigation does not deprive a federal court of jurisdiction over the claim." (citing *Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir. 2019)); *see also Fort Bend Cty. v. Davis*, 587 U.S. 541, 550–51 (2019) ("Separate provisions of Title VII, §2000e-5(e)(1) and (f)(1), contain the Act's charge-filing requirement. Those provisions do not speak to a court's authority or refer in any way to the jurisdiction of the district courts." (citation modified)).

Here, Plaintiff received a right-to-sue letter from the EEOC based on the dismissal of his charges, and he promptly filed suit within the required 90-day period imposed upon him. 42 U.S.C. § 2000e-5(f)(1); (Doc. Nos. 25-1 at 8 (right-to-sue letter issued on June 12, 2023); 1-1 at 3 (Plaintiff filed suit 88 days later on September 8, 2023)). Thus, Plaintiff exhausted his administrative remedies, and the Court will overrule Defendant's objection as to exhaustion.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Objections (Doc. No. 38) are **OVERRULED**;

2. The Magistrate Judge's M&R (Doc. No. 37) is **ADOPTED**;

3. Defendant's Motion to Dismiss (Doc. No. 28) is **DENIED**; and

4. This case shall **proceed toward trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: May 13, 2026

Matthew E. Orso
United States District Judge

6